Greg Ozhekim (SBN 162637)
OZ LAW GROUP, INC.
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: 818-712-9000
Facsimile: 818-530-7817

Attorneys for Defendants, V. SANGIACOMO & SONS, LIMITED PARTNERSHIP and BALBI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Andres Gomez,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**V. Sangiacomo & Sons, Limited Partnership**, a California Limited Partnership; **Balbi, Inc.**, a California Corporation,<br><br>　　　　Defendants. | CASE NO. 3:22-cv-01537-JSC<br><br>**ANSWER OF DEFENDANTS, V. SANGIACOMO & SONS, LIMITED PARTNERSHIP AND BALBI, INC. TO ANDRES GOMEZ'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Magistrate Judge: Jacqueline Scott Corley<br>Complaint Served: March 24, 2022<br>Response Date: May 13, 2022<br>Trial Date: None |

Defendants V. SANGIACOMO & SONS, LIMITED PARTNERSHIP and BALBI, INC. (collectively "Defendants") for their answer and affirmative defenses to the Plaintiff ANDRES GOMEZ's complaint hereby admit, deny and allege as follows:

**PARTIES:**

1.　Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 and, on that basis, deny each and every one of the allegations of paragraph 1.

2. Defendants admit Defendant V. Sangiacomo & Sons Limited Partnership ("V. Sangiacomo & Sons"), owned or operated Sangiacomo Vineyards located in Sonoma County, California, in March 2021 and August 2021.

3. Defendants admit Defendant Balbi, Inc. ("Balbi") is a General Partner of V. Sangiacomo & Sons, which owned or operated Sangiacomo Vineyards located in Sonoma County, California, in March 2021 and August 2021.

4. Defendants admit V. Sangiacomo & Sons owns or operates Sangiacomo Vineyards located in Sonoma County, California, currently.

5. Defendants admit Balbi is a General Partner of V. Sangiacomo & Sons, which owns or operates Sangiacomo Vineyards located in Sonoma County, California, currently.

6. Defendants admit V. Sangiacomo & Sons owned or operated the Sangiacomo Vineyards website with a root domain of: https://www.sangiacomovineyards.com/ ("Website") in March 2021 and August 2021.

7. Defendants admit Balbi is a General Partner of V. Sangiacomo & Sons, which owned or operated the Sangiacomo Vineyards Website in March 2021 and August 2021.

8. Defendants admit V. Sangiacomo & Sons owns or operates the Sangiacomo Vineyards Website, currently.

9. Defendants admit Balbi is a General Partner of V. Sangiacomo & Sons, which owns or operates the Sangiacomo Vineyards Website, currently.

10. Paragraph 10 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

**JURISDICTION & VENUE:**

11. Paragraph 11 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

/ / /

12. Paragraph 12 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

13. Paragraph 13 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

**FACTUAL ALLEGATIONS:**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and, on that basis, deny each and every one of the allegations of paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and, on that basis, deny each and every one of the allegations of paragraph 15.

16. Defendants admit that V. Sangiacomo & Sons operates a business in California, but denies that it is a place of public accommodation open to the public. The remainder of the allegations of paragraph 16 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

17. Defendants deny that V. Sangiacomo & Sons offers goods or services to consumers directly on the Website. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 17.

18. Defendants deny that the Website offers digital bookings, which is a vague term, offered by V. Sangiacomo & Sons. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18.

19. Defendants deny that multiple services are offered to consumers by V. Sangiacomo & Sons directly on the Website. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19.

///

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20 or the remainder of the allegations of paragraph 20 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21 or the remainder of the allegations of paragraph 21 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 or the remainder of the allegations of paragraph 22 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 or the remainder of the allegations of paragraph 23 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

24. Defendants deny that the Website is not accessible to persons with disabilities. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25 or the remainder of the allegations of paragraph 25 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 26 or the remainder of the allegations of paragraph 26 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

///

27. Defendants deny that the Website was inaccessible, and that Plaintiff was denied full and equal access. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 or the remainder of the allegations of paragraph 27 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28 or the remainder of the allegations of paragraph 28 contain legal assertions or conclusions or definitions to which no responsive pleading is required..

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 29 or the remainder of the allegations of paragraph 29 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

30. Defendants deny that the Website had not been constructed equally accessible to all individuals. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 30 or the remainder of the allegations of paragraph 30 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 31 or the remainder of the allegations of paragraph 31 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 32 or the remainder of the allegations of paragraph 32 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

/ / /

33. Defendants deny the allegations contained in the first sentence of paragraph 33. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 33 or the remainder of the allegations of paragraph 33 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

34. Paragraph 34 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

35. Paragraph 35 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

36. Defendants deny that the Website was intentionally designed to deny anyone access.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 36.

37. Defendants deny that the Website was constructed or operates out of line with industry standards.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 37 or the remainder of the allegations of paragraph 37 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 38 or the remainder of the allegations of paragraph 38 contain legal assertions or conclusions or definitions to which no responsive pleading is required.

39. Paragraph 39 contains legal assertions or conclusions or definitions to which no responsive pleading is required.

/ / /

/ / /

/ / /

/ / /

## ANSWER TO FIRST CAUSE OF ACTION

## (Against Defendants for Violation of the

## American's With Disabilities Act)

40. Defendants incorporate by this reference, their responses to paragraphs 1-39 above, as though set forth in full herein. In addition, paragraph 40 contains legal assertions or conclusions to which no responsive pleading is required or for which no responsive pleading is required.

41. Paragraph 41 contains legal assertions or conclusions to which no responsive pleading is required or for which no responsive pleading is required.

42. Defendants deny the legal or factual assertions or conclusions or definitions of Plaintiff made in paragraph 42 or for which no responsive pleading is required.

43. Defendants deny the legal or factual assertions or conclusions or definitions of Plaintiff made in paragraph 43 or for which no responsive pleading is required.

44. Defendants deny the legal or factual assertions or conclusions or definitions of Plaintiff made in paragraph 44 or for which no responsive pleading is required.

45. Paragraph 45 contains legal assertions or conclusions to which no responsive pleading is required.

46. Paragraph 46 contains legal assertions or conclusions to which no responsive pleading is required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## ANSWER TO SECOND CAUSE OF ACTION

**(Against Defendants for Violation of the**

**Unruh Civil Rights Act)**

47.  Defendants incorporate by this reference, their responses to paragraphs 1-39 and 41-46 above, as though set forth in full herein.  In addition, paragraph 47 contains legal assertions or conclusions to which no responsive pleading is required or for which no responsive pleading is required.

48.  Paragraph 48 contains legal assertions or conclusions to which no responsive pleading is required.

49.  Paragraph 49 contains legal assertions or conclusions to which no responsive pleading is required.

50.  Defendants deny the legal assertions or conclusions or definitions of Plaintiff made in paragraph 50.

51.  Defendants deny the legal assertions or conclusions or definitions of Plaintiff made in paragraph 51.

**PRAYER:**

52.  Defendants deny the legal assertions or conclusions or definitions of Plaintiff made in his prayer.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

53.  Plaintiff failed to take all reasonable steps necessary to mitigate its alleged damages, if any, thereby barring or reducing recovery accordingly.  This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

/ / /

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

54. The complaint, and each cause of action therein, is barred under the applicable statutes of limitations. This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

55. The complaint, and each cause of action therein, is barred, in whole or in part, as the acts and/or representations, if any, performed or made by Defendants were undertaken in good faith. This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

56. The complaint, and each cause of action therein, is barred, in whole or in part, in equity under the doctrine of unclean hands. This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

57. The complaint, and each cause of action alleged therein, is barred, in whole or in part, by virtue of the doctrine of laches. This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

58. Plaintiff lacks standing to assert any of the causes of action of the complaint which it asserts against Defendants. This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Requisite Intent)

59. To the extent that this answering defendant committed any act which caused plaintiff any harm or damage, Defendants lacked the requisite intent. This affirmative defense is for the purpose of avoiding any waiver of the affirmative defense and is based on information and belief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Not Readily Achievable)

60. Removal of any alleged barriers is not readily achievable.

## NINTH AFFIRMATIVE DEFENSE

### (Undue Burden)

61. Removal of any alleged barriers would impose an undue burden on Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Alternative Methods)

62. Defendants adequately provided access through alternative methods.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Renovations are not Alterations)

63. Any renovations, if any, did not constitute alterations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not Technically Achievable)

64. Removal of any alleged barriers is not technically achievable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Structurally Infeasible or Impractical)

65. Removal of any alleged barriers is not structurally feasible or is structurally impractical.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Compliance by Plaintiff)

66. Plaintiff has failed to comply with any pre-filing requirements of the Unruh Act and/or the Americans With Disabilities Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Further Affirmative Defenses)

67. Defendants are informed and believe, and based thereon allege, that Defendants have insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated affirmative defenses are available. Defendants therefore reserve their rights to assert additional defenses in the event discovery reveals that so doing would be appropriate.

WHEREFORE, Defendants request:

1. That Plaintiff takes nothing as to any and all causes of action of the complaint or on any of the items requested in Plaintiff's prayer;

2. Costs of suit, including attorney's fees, if applicable; and,

3. For such relief as the Court deems appropriate.

Dated: May 13, 2022                    OZ LAW GROUP, INC.

By: *GregOzkekim*
Greg Ozkekim,
Attorneys for Defendants, V.
SANGIACOMO & SONS, LIMITED
PARTNERSHIP and BALBI, INC.

-11-
**ANSWER OF DEFENDANTS**

390099.ANS

# **DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the United States District Court for the Northern District of California, Defendants hereby demand a jury trial of all issues properly tried by a jury.

Dated: May 13, 2022                OZ LAW GROUP, INC.

By: _____*Greg Ozhekim*_____
Greg Ozhekim,
Attorneys for Defendants, V. SANGIACOMO & SONS, LIMITED PARTNERSHIP and BALBI, INC.

**3:22-cv-01537-JSC**

*Andres Gomez v. V. Sangiacomo & Sons, Limited Partnership; Balbi, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that Carrie Gilmore declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

I am employed in the City of Woodland Hills, County of Los Angeles, State of California, and a member of the bar of this court.  I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within entitled action.  My business address is 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.

I certify that on the May 13, 2022, I electronically transmitted the following document described as **ANSWER OF DEFENDANTS, V. SANGIACOMO & SONS, LIMITED PARTNERSHIP AND BALBI, INC. TO ANDRES GOMEZ'S COMPLAINT** to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

CENTER FOR DISABILITY ACCESS
Dennis Price, Esq.
Russell Handy, Esq.
Amanda Seabock, Esq.
Zachary Best, Esq.
8033 Linda Vista Road, Suite 200
San Diego, California 92111
DennisP@potterhandy.com
russ@potterhandy.com
amandas@potterhandy.com
josiez@potterhandy.com
soniah@potterhandy.com
ecf@potterhandy.com
sts@potterhandy.com

Executed on May 13, 2022, at Woodland Hills, California.

*Carrie Gilmore*
Carrie Gilmore

-13-
**ANSWER OF DEFENDANTS**

390099.ANS